UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

IN RE: Request from Sweden Pursuant
to the Treaty Between the
Government of the United
States of America                                Civil No. 11-mc-8-LM
and the Government of Sweden
on Mutual Assistance in
Criminal Matters in the
Matter of Computer Attacks
on Critical Infrastructure
In Sweden

## SEALED ORDER

Upon application of the United States that Michael J. Gunnison (or a substitute or successor designated by the Office of the United States Attorney) be appointed as commissioner ("commissioner") of this Court, and upon review of the Request from Sweden dated March 12, 2010, seeking evidence under the Treaty on Mutual Assistance in Criminal Matters between the United States of America and the Kingdom of Sweden, for use in a criminal investigation, prosecution, or procedure related to the prosecution in Sweden, and having fully considered this matter,

THE COURT HEREBY FINDS that:

1. The specific, articulable facts in the United States' application and in the request from Sweden show that there are reasonable grounds to believe that the evidence requested is "relevant and material to an ongoing criminal investigation," 18 U.S.C. § 2703(d);

2. The evidence requested includes records or information pertaining to customers of electronic communications services or remote computing services, but not the contents of electronic communications per se, such that the commissioner need not provide notice of the disclosure to the customers of Dynamic Network Services, Inc. ("DynDNS"), see 18 U.S.C. § 2703(c)(3); AND

3. The United States has shown that the matter under investigation concerns denial of service attacks that targeted critical police and defense infrastructure in Sweden, and that there is reason to believe that DynDNS's notifying its relevant customers of the existence of the commissioner's subpoena and this court order will result in the destruction of or tampering with evidence concerning the attacks under investigation.

4. The record before me indicates that the period ending December 31, 2011, is an appropriate length of time to preclude DynDNS from notifying its relevant customers regarding this matter, pursuant to 18 U.S.C. § 2705(b). The Court may extend or otherwise modify this nondisclosure order as appropriate,

upon application of the commissioner, pursuant to 18 U.S.C. § 2705(b).

THE COURT HEREBY ORDERS, pursuant to the authority conferred by the Treaty and 18 U.S.C. § 3512, as well as this Court's inherent authority, that Michael J. Gunnison (or a substitute or successor designated by the Office of the United States Attorney) is appointed as commissioner of this Court and is hereby directed to execute the Treaty Request and to take such steps as are necessary to collect the evidence requested. In doing so, the commissioner:

   1.  may issue commissioner's subpoenas to be served at any place within the United States on persons (natural and legal) ordering them or their representatives to appear and to testify and produce evidence located within the United States;

   2.  shall provide notice with respect to the collection of evidence to those persons identified in the Request as parties to whom notice should be given (and no notice to any other party shall be required);

   3.  shall adopt procedures to collect the evidence requested consistent with its use in the investigation, prosecution or other proceeding in Sweden for which the International Public Prosecution Office in Stockholm has requested assistance, which procedures may be specified in the

Request or provided by or with the approval of the Ministry of Justice of Sweden under the Treaty;

    4.  may, in collecting the evidence requested, be accompanied by persons whose presence or participation is authorized by the commissioner, including, without limitation, special agents of the Federal Bureau of Investigation and/or representatives of Sweden who, as authorized or directed by the commissioner, may direct questions to any witness;

    5.  may seek such further orders of this Court as may be necessary to execute this Request, including orders to show cause why persons served with commissioner's subpoenas who fail to produce evidence should not be held in contempt, and including protective orders to regulate the use of the evidence collected;

    6.  shall certify and submit the evidence collected to the Office of International Affairs, Criminal Division, U.S. Department of Justice, or as otherwise directed by that Office for transmission to Sweden; and,

    7.  may provide copies of the evidence collected to persons identified in the Request as parties to whom such copies should be given (and to no other persons).

    IT IS FURTHER ORDERED that any person from whom the commissioner seeks to collect evidence may, for good cause shown, oppose the giving of evidence, or the circumstances thereof, by motion timely filed with this Court, a copy of which shall be

provided contemporaneously to the commissioner.

IT IS FURTHER ORDERED that the application and this order shall be maintained under seal unless and until this Court orders otherwise.  Notwithstanding this order's filing and maintenance under seal, the commissioner may disclose copies of this order as necessary to accomplish the purposes of the Request.

IT IS FURTHER ORDERED that Dynamic Network Services, Inc., shall not, from the date it receives notice of this Order until December 31, 2011, disclose to its relevant customers, or to any persons jointly holding an account with said customers, any aspect of this matter, including the existence of this order and the fact that it has received a subpoena or has given testimony or evidence in response thereto.  This nondisclosure order may be modified, extended, or terminated by the Court upon application of the commissioner, pursuant to 18 U.S.C. § 2705(b).  If the United States or the commissioner receives notice that the investigation in Sweden has concluded before the nondisclosure order is set to expire, the commissioner is directed to file a motion regarding the termination of the nondisclosure order, within 30 days of receiving such notice.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

Dated:  February 7, 2010

cc:  Michael J. Gunnison, Esq.